U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUN 14 2012

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

Danny G. Eversole,
 Plaintiff.

-v-

FARMERS GROUP INC.,
 Defendant.

Case No. 12-5113

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. §1692k.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4. Plaintiff, Danny G. Eversole, is a natural person and is a resident of the State of Arkansas, residing at 1007 N. 12th St., Rogers, AR 75756.

5. Defendant, FARMERS GROUP INC, is not authorized to do business in Arkansas, with a registered agent of: CSC SERVICES OF NEVADA, INC., 2215-B RENAISSANCE DR LAS VEGAS, NV 89119 (See Exhibit A).

6. All conditions precedent to the bringing of this action have been performed, waived or excused.

## STATEMENT OF FACTS

7.	About the month of October, 2011, Plaintiff obtained a copy of his consumer report from credit reporting agency TransUnion.

8.	In reviewing his consumer report from TransUnion, Plaintiff noticed that Defendant initiated an inquiry for Plaintiff's consumer report on October 8, 2010, and again on July 5, 2011.

9.	About November 2011, Plaintiff reviewed the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681b, entitled "Permissible purposes of consumer reports," the opening phrase of which reads in relevant part:

"(a) In general. Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:"

10.	Plaintiff reviewed all of the limited and specific circumstances that would grant Defendant permissible purpose to pull Plaintiff's consumer report under section 1681b, and could find no circumstances under section 1681b that applied to the Defendant, because during or about the period when Defendant pulled Plaintiff's consumer report:

A. Plaintiff did not authorize TransUnion to furnish his consumer report to Defendant;

B. Plaintiff did not authorize Defendant to obtain his consumer report from consumer reporting agency TransUnion;

C. Plaintiff did not apply for any credit, loans or services with Defendant;

D. Plaintiff did not have any contractual relationship for credit, loans or services with Defendant;

E. Plaintiff did not owe any debt to Defendant;

    F. Plaintiff did not owe any debt as the result of a judgment to Defendant;

    G. Plaintiff did not apply for any employment with Defendant;

    H. Plaintiff did not apply for any insurance from Defendant;

    I. Plaintiff did not have any existing account or credit obligation with Defendant;

    J. Plaintiff was not named as an "authorized user" on any account with Defendant;

    K. No court having jurisdiction issued any order to TransUnion to furnish Plaintiff's consumer report to Defendant;

    L. No head of State or local child support enforcement agency requested TransUnion to provide Plaintiff's consumer report to Defendant;

    M. No agency administering a State plan under Section 454 of the Social Security Act (42 U.S.C. § 654) requested TransUnion to provide Plaintiff's consumer report to Defendant;

    N. Plaintiff did not apply for any license or other benefit granted by a governmental instrumentality through Defendant;

    O. Plaintiff did not receive any "firm offer of credit or insurance" from Defendant;

11.  On or about December 5, 2011, Plaintiff sent to Defendant's address listed on his credit report a letter via USPS certified mail (article no. 70103090000062693776), with return receipt;

12.  In the letter dated December 5, 2011, Plaintiff wrote in relevant part: "I have received a copy of my Trans Union credit report dated 10/19/2011. I am writing because there are two inquiries from your company on my report that I do not recall authorizing. Furthermore, I am not aware of any offer of insurance from your company" and, "Please provide me with your basis and proof of permission to access my credit report" (see Exhibit B).

13.     On or about March 5, 2012, Plaintiff sent to Defendant's address listed on his credit report a letter via USPS certified mail (article no. 70110470000088172842).

14.     In this letter dated March 5, 2012, Plaintiff wrote in relevant part "I wrote to you on December 5, 2011 via CMRR 70103090000062693776 regarding your permissible purpose for accessing my TransUnion credit report on 7/5/2011 and 10/8/2010. However, you have not responded to my request. As I am positive that I did not authorize your inquiry, and you have not made a firm offer of credit to me, I have decided to enforce my rights under the Fair Credit Reporting Act and file a lawsuit against you in the Western District of Arkansas. Before filing, I would like to give you an opportunity to resolve this matter." (Exhibit C)

15.     To date, Defendant has not provided Plaintiff any proof that it had any permissible purpose to pull Plaintiff's consumer report.

16.     The FCRA 15 U.S.C. §1681b(f)(1) reads in relevant part:

"(f) Certain use or obtaining of information prohibited. A person shall not use or obtain a consumer report for any purpose unless

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section;"

17.     The FCRA 15 U.S.C. §1681b(c) allows a person or entity such as Defendant to obtain a consumer report in connection with credit or insurance transactions that are not initiated by the consumer, however -

18.     The FCRA 15 U.S.C. §1681b(c)(1)(A) - (B)(i) reads in relevant part:

"(1) In general. A consumer reporting agency may furnish a consumer report relating to any consumer pursuant to subparagraph (A) or (C) of subsection (a)(3) in connection with any credit or insurance transaction that is not initiated by the consumer only if

(A) the consumer authorizes the agency to provide such report to such person; or

(B)(i) the transaction consists of a firm offer of credit or insurance."

19.     The FCRA 15 U.S.C. § 1681a(l)(1)(A)-(B) defines a "firm offer of credit or insurance" in relevant part, as follows:

"(l) The term "firm offer of credit or insurance" means any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer, except that the offer may be further conditioned on one or more of the following:

(1) The consumer being determined, based on information in the consumer's application for the credit or insurance, to meet specific criteria bearing on credit worthiness or insurability, as applicable, that are established

(A) before selection of the consumer for the offer, and

(B) for the purpose of determining whether to extend credit or insurance pursuant to the offer."

20.     Plaintiff has asserted under penalty of perjury that he did not receive any firm offer of credit or insurance from Defendant during or about the period when Defendant pulled Plaintiff's consumer report (Exhibit D).

21.     Defendant was duty bound under 15 U.S.C. § 1681c(l)(B)(i) to provide Plaintiff with a "firm offer of credit or insurance," but did not comply, and thus had no permissible purpose to pull Plaintiff's consumer report.

22.     Therefore, Plaintiff hereby alleges that on or about October 8, 2010, and again on or about July 5, 2011, Defendant initiated a pull of Plaintiff's consumer report from credit reporting agency TransUnion without a permissible purpose, thus violating the FCRA 15 U.S.C.

§1681b(f)(1), because during or about the period when Defendant pulled Plaintiff's consumer report:

> A. None of the specific and strictly limited circumstances granting permissible purpose under section 1681b applied to the Defendant, and;
>
> B. Plaintiff did not receive any "firm offer of credit or insurance" from the Defendant pursuant to 15 U.S.C. §1681b(c)(1)(B)(i).

## COUNT I

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANT FARMERS GROUP INC

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. Defendant FARMERS GROUP INC is a "person" as that term is defined by 15 U.S.C. §1681a(b).

25. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as those terms are defined by 15 U.S.C. §1681a (d).

27. Defendant FARMERS GROUP INC willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

> a. Defendant FARMERS GROUP INC willfully violated 15 U.S.C. §1681b (f) 2 times by obtaining Plaintiff's consumer reports without a permissible purpose as defined by15 U.S.C. §1681b.

## COUNT II

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681

## NEGLIGENT NON-COMPLIANCE BY DEFENDANT FARMERS GROUP INC.

28. Plaintiff incorporates the foregoing paragraphs as though the same were set fort at length herein.

29. Plaintiff are consumers within the meaning of the FCRA, 15 U.S.C. §1681a (c).

30. Defendant FARMERS GROUP INC is a "person" as that term is defined by 15 U.S.C. §1681a(b).

31. Defendant FARMERS GROUP INC negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:

   a. Defendant FARMERS GROUP INC negligently violated 15 U.S.C. §1681b (f) by obtaining Plaintiffs' consumer report 2 timeS without a permissible purpose as defined by15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against FARMERS GROUP INC for statutory damages of USD$2,000.00, pursuant to 15 U.S.C. §1681n.

WHEREFORE, Plaintiffs demands judgment for damages against FARMERS GROUP INC for statutory damages of USD$2,000.00, pursuant to 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

*Danny A. Eversole*
Plaintiff

Danny G. Eversole
1007 N 12th St. Rogers, AR 72756

| Home | Information Center | | Business Center | | Securities Center | Online Services |

# FARMERS GROUP, INC.

[ New Search ]   [ Printer Friendly ]   [ Calculate List Fees ]

## Business Entity Information

| | |
|---|---|
| Status: | Active |
| File Date: | 10/17/1927 |
| Type: | Domestic Corporation |
| Entity Number: | C1096-1927 |
| Qualifying State: | NV |
| List of Officers Due: | 10/31/2012 |
| Managed By: | |
| Expiration Date: | |
| NV Business ID: | NV19271000069 |
| Business License Exp: | 10/31/2012 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | |
|---|---|
| Name: | CSC SERVICES OF NEVADA, INC. |
| Address 1: | 2215-B RENAISSANCE DR |
| Address 2: | |
| City: | LAS VEGAS |
| State: | NV |
| Zip Code: | 89119 |
| Phone: | |
| Fax: | |
| Mailing Address 1: | |
| Mailing Address 2: | |
| Mailing City: | |
| Mailing State: | NV |

Exhibit A

December 5, 2011

Danny G. Eversole
1007 N 12th St
Rogers, AR 72756

**Farmers Insurance**
**4680 Wilshire Blvd**
**Los Angeles, CA 90010-3807**

SSN: 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
DOB: 08/26/1955

RE: TransUnion Credit Report Inquiries dated 7/5/2011 and 110/8/2010

Dear Farmers Insurance:

I have received a copy of my Trans Union credit report dated 10/19/2011. I am writing because there are two inquiries from your company on my report that I do not recall authorizing. Furthermore, I am not aware of any offer of insurance from your company.

I believe you are in violation of the Fair Credit Reporting Act. Please provide me with your basis and proof of permission to access my credit report.

I hereby inform you that I demand that you cease obtaining credit reports on me from any source. I am not interested in obtaining any products from your company at this time.

Thank you for your prompt attention to my disputes and complying with the FCRA in this matter. I look forward to your reply.

Sincerely,


Danny G Eversole

CC: Atty file


Exhibit B

DG Eversole Farmers Dispute  CMRR 70103090000062693776                   1

March 5, 2012

Danny G. Eversole
1007 N 12th St
Rogers, AR 72756

**Farmers Insurance**
**4680 Wilshire Blvd**
**Los Angeles, CA 90010-3807**

SSN: 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
DOB: 08/26/1955

## NOTICE OF INTENT TO SUE

Dear Farmers Insurance:

I wrote to you on December 5, 2011 via CMRR 70103090000062693776 regarding your permissible purpose for accessing my TransUnion credit report on 7/5/2011 and 10/8/2010. However, you have not responded to my request. As I am positive that I did not authorize your inquiry, and you have not made a firm offer of credit to me, I have decided to enforce my rights under the Fair Credit Reporting Act and file a lawsuit against you in the Western District of Arkansas.

Before filing, I would like to give you an opportunity to resolve this matter. As I travel the majority of my time, I have authorized a friend of mine to speak and act on my behalf in this matter. Enclosed is a Power of Attorney for Christina L Dunn. You may contact Ms. Dunn at gracehappens@rocketmail.com to discuss this matter, should you wish to.

Sincerely,

Danny G Eversole

CC: Atty file

*Exhibit C*

DG Eversole Farmers NOI  CMRR 70110470000088172842                                            1