**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**DANNY G. EVERSOLE**                                                               **PLAINTIFF**

        v.                Civil No. 12-5113

**FARMERS GROUP, INC.**                                                        **DEFENDANT**

<u>**O R D E R**</u>

    Now on this 13th day of August, 2012, comes on for consideration the **Motion To Dismiss Of Farmers Group, Inc., For Failure To State A Claim** (document #10), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.  Plaintiff Danny G. Eversole ("Eversole") alleges that defendant Farmers Group, Inc. ("Farmers") violated the Fair Credit Reporting Act (the "Act") -- either willfully or negligently -- by accessing his consumer report on two occasions without a permissible purpose.

    2.  Farmers moves to dismiss, contending that Eversole has failed to allege facts to support his allegations of willful or negligent conduct, and failed to allege damages.

    Eversole responds that he has alleged a statutory violation; that his *pro se* pleadings should be read broadly; and that he should be allowed to amend if they are deficient.

    3.  As explained in **<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 1949 (2009),**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

> claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

(internal citations and quotation marks omitted).

While detailed factual allegations are not required in a complaint, it must contain more than mere "labels and conclusions," formulaic recitations of the elements of a cause of action, or naked assertions devoid of factual enhancement. *Id.*

4. **Section 1681b(f)(1)** provides that "[a] person shall not . . . obtain a consumer report for any purpose unless -- (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section . . . ."

**Section 1681n(a)** provides that "[a]ny person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer" for actual damages "or damages of not less than $100 and not more than $1,000," plus "such amount of punitive damages as the court may allow," and costs and attorney's fees.

**Section 1681o** provides that [a]ny person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer" for

actual damages, costs and attorney's fees.

    5.    Eversole makes the following relevant allegations in his Complaint:

    *    that in October, 2011, he obtained a copy of his consumer report from credit reporting agency Trans Union, and learned that Farmers had "initiated a pull" of his consumer report on October 8, 2010, and again on July 5, 2011;

    *    that none of the permissible purposes for which Trans Union could have furnished Farmers a copy of this consumer report existed on these dates; and

    *    that he made two written requests of Farmers for information about why it had pulled a copy of his consumer report, to which there was no response.

    6.    Applying the **Ashcraft** standard to Eversole's Complaint, the Court finds it sufficient to plead a claim for willful violation of the Act. Eversole pleads that none of the circumstances under which Farmers could have legitimately obtained his consumer report existed when Farmers allegedly "initiated a pull" of that report, not once but twice, and that Farmers then failed to respond to requests for an explanation. Taking these allegations as true, they would support an inference that Farmers obtained Eversole's consumer report -- either willfully or negligently -- for a purpose for which the consumer report is not authorized to be furnished.

While Eversole failed to plead that he sustained actual damages, the Court does not find this omission fatal to his claim for a willful violation of the Act, inasmuch as statutory damages are available for willful violations.  Farmers relies on **Dowell v. Wells Fargo Bank, NA**, **517 F.3d 1024 (8th Cir. 2008)** to support its contention that actual damages must still be shown, but the cited case does not go that far.

**Dowell** recognized that the provision for statutory damages could reasonably be read to "require proof of actual damages but simply substitute statutory rather than actual damages for the purpose of calculating the damage award."  The court declined, however, to reach this issue.

In this Court's view, a more reasonable interpretation of the statute is that statutory damages may be awarded without proof of actual damages. *Cf.* **Birmingham v. Experian Information Solutions, Inc.**, **633 F.3d 1006, 1009 (10th Cir. 2011)** ("consumer need not prove actual damages if the violation is willful, but may recover punitive damages and statutory damages ranging from $100 to $1,000"); **Bateman v. American Multi-Cinema, Inc.**, **623 F.3d 708, 711 (9th Cir. 2010)** (the Act "allows a consumer to recover damages between $100 and $1,000 for each willful violation of FACTA without having to prove actual damages"); **Shlahtichman v. 1-800 Contacts, Inc.**, **615 F.3d 794, 796 (7th Cir. 2010)** (the Act "permits a consumer to recover . . . statutory damages (without

-4-

any proof of injury) of $100 to $1000 per violation"); **Beaudry v. TeleCheck Services, Inc.**, 579 F.3d 702, 705 (6th Cir. 2009) ("Because 'actual damages' represent an *alternative* form of relief and because the statute permits a recovery when there are no identifiable or measurable actual damages, this subsection implies that a claimant need not suffer (or allege) consequential damages to file a claim").

For all these reasons, the motion will be denied as to Eversole's claim of a willful violation of the Act.

7. The Court is not persuaded that Eversole has sufficiently pled a claim for negligent violation of the Act. To recover for negligent violation, a plaintiff must prove actual damages, and it is not plausible that he can prove them if he fails to allege them. The Court will, therefore, take the pending motion under advisement for fourteen days to allow Eversole to amend his Complaint to allege actual damages, if he can legitimately do so. Failing that, his claim for negligent violation of the Act will be dismissed.

**IT IS THEREFORE ORDERED** that the **Motion To Dismiss Of Farmers Group, Inc., For Failure To State A Claim** (document #10) is **denied** as to Eversole's claim of willful violation of the Act.

**IT IS FURTHER ORDERED** that the motion is **taken under advisement** as to Eversole's claim of negligent violation of the Act, and he is allowed fourteen days from the date of this Order

to amend his Complaint to allege actual damages, if he can legitimately do so. Failing that, the motion will be granted as to Eversole's claim for negligent violation of the Act.

**IT IS SO ORDERED.**

                                     /s/ Jimm Larry Hendren
                                     **JIMM LARRY HENDREN**
                                     **UNITED STATES DISTRICT JUDGE**